1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\* \* \***

| | |
|---|---|
| MIRAGE PUTTING GREENS INTERNATIONAL, INC., an Arizona corporation, and LAZYLAWN INTERNATIONAL, INC., an Arizona corporation, | Case No.: 2:08-cv-00167-RLH-LRL |
| | **O R D E R** |
| | (Motion to Dismiss–#12) |
| Plaintiffs, | |
| vs. | |
| JOE PANTEL, an individual; and doing business as SURFSIDE CONCEPTS, a foreign entity; DOES I through X; and ROE CORPORATIONS I through X, | |
| Defendants. | |

Before the Court is Defendant Joe Pantel's **Motion to Dismiss Complaint or Alternatively Motion for a More Definite Statement** (#12), filed December 24, 2008.  The Court has also considered Plaintiffs Mirage Putting Greens International and Lazylawn International's Opposition (#13), filed January 12, 2009, and Defendant's Reply (#14), filed January 16, 2009.

/

**BACKGROUND**

Mirage Putting and Lazylawn are Arizona corporations with their principal places of business in Clark County, Nevada.  Surfside Concepts is a California corporation and Joe Pantel is a resident of Orange County, California.  Plaintiffs allege in the Complaint that Pantel "do[es] business as Surfside Concepts."  (Dkt. #5, Am. Compl. ¶ 6.)  Although neither party expressly indicates exactly what relationship exists between Pantel and Surfside Concepts, Pantel is at least an agent of the company, if not its executive or principal officer.

In June 2007, Plaintiffs and Surfside Concepts entered into two licensing agreements.  In the first contract, Surfside Concepts agreed to market, sell, and install artificial putting greens and lawn grass designed by Mirage Putting.  In the second contract, Surfside Concepts agreed to market, sell, and install artificial palm trees, pine trees, and plants designed by Lazylawn.  Pantel signed both contracts on behalf of Surfside Concepts.

According to Plaintiffs, Pantel agreed to pay $2,500 to have Plaintiffs train two of his employees regarding the sale and installation of their products.  Plaintiffs allege their bank returned Pantel's check as unpaid.  Mirage Putting and Lazylawn also allege that Pantel's employees took numerous trees and other products back to California without paying for them.  Plaintiffs assert Pantel owes them over $7000 for these supplies.  Plaintiffs also claim Pantel and Surfside Concepts "retained all of the information and supplies from Plaintiffs, which have not been paid for, and [used] photos stolen from Plaintiffs' websites to further Defendant's own business." (*Id.* ¶ 14).

In early 2008, Plaintiffs brought suit against Pantel and Surfside Concepts alleging state claims for breach of contract, breach of the implied duty of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, unfair trade practices, declaratory relief, demand for accounting, and interference with prospective business advantage.  Plaintiffs also alleged federal claims for copyright infringement, inducement of copyright infringement, contributory copyright

/

AO 72
(Rev. 8/82)

1    infringement, and vicarious copyright infringement.  Although Plaintiffs assert these federal causes

2    of action, they allege in their Complaint only that this Court has federal diversity jurisdiction.

3          Pantel has asked the Court to dismiss this Complaint, alleging that Plaintiffs cannot

4    meet the $75,000 jurisdictional requirement.  In the alternative, Pantel moves for a more definite

5    statement under Rule 12(e), asking for Plaintiffs to itemize the lost income and the damages

6    caused by the use of Plaintiffs' alleged copyrighted items.  (Dkt. #12, Mot. to Dismiss, 3.)  Pantel

7    also asks the Court to dismiss him from this case, or in the alternative, for a more definite

8    statement indicating why he has been named as an individual defendant.  For the reasons discussed

9    below, Pantel's Motion is denied.

**DISCUSSION**

10

11    **I.    Motion to Dismiss**

12          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may

13    dismiss a complaint for "failure to state a claim upon which relief can be granted."  In order to

14    withstand a motion to dismiss, a complaint must contain factual allegations that are sufficient "to

15    raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955,

16    1965 (2007).  In ruling on a 12(b)(6) motion, courts assume all factual allegations in the complaint

17    are true and construe them in the light most favorable to the plaintiff.  *Epstein v. Wash. Energy*

18    *Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999).  However, a court does not assume the truth of legal

19    conclusions merely because the plaintiff casts them in the form of factual allegations.  *Warren v.*

20    *Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

21    **II.    Motion to Dismiss for Lack of Jurisdiction**

22          Pantel asks the Court to dismiss the case because, as a legal certainty, Plaintiffs

23    cannot recover the $75,000 jurisdictional requirement.  The Court does not need to specifically

24    address this allegation because it has subject matter jurisdiction by virtue of Plaintiffs' federal

25    copyright claims.  Although the Court is not entirely certain why Plaintiffs asserts federal

26    jurisdiction without specifically mentioning their federal causes of action, the fact remains that

AO 72
(Rev. 8/82)

1    they have alleged viable claims under applicable federal copyright statutes.  Plaintiffs have alleged

2    that Defendants "publicly display[ed] . . . [their] registered copyrighted photographs" without

3    permission.  (Dkt. #5, Am. Compl. ¶ 55.)  Thus, Plaintiffs have properly alleged federal question

4    jurisdiction. *See, e.g., Rano v. Sipa Press, Inc.*, 987 F.2d 580, 584 (9th Cir. 1993) (holding that

5    federal jurisdiction is appropriate when a plaintiff brings an actionable federal copyright claim).

6         In addition to denying Pantel's Motion to Dismiss for lack of jurisdiction, the Court

7    also denies his request for a more definite statement.  Under Rule 12(e) of the Federal Rules of

8    Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a

9    responsive pleading is allowed but which is so vague or ambiguous that the party cannot

10   reasonably prepare a response." Fed. R. Civ. P. 12(e).  The Court finds that, as far as federal

11   jurisdiction is concerned, Plaintiffs' complaint is neither vague nor ambiguous.  Plaintiffs have

12   alleged federal claims giving rise to proper federal jurisdiction.  For this reason, it is not necessary

13   for the court to determine what damages Plaintiffs might be able to recover.  Disputes regarding

14   the value of Plaintiffs' claims must be resolved by the finder of fact.

**III.   Motion to Dismiss Pantel**

16         Pantel also asks the Court to dismiss him from this case, alleging that Plaintiffs did

17   not intend to sue him in his individual capacity, but are instead bringing claims solely against

18   Surfside Concepts.  In the alternative, Pantel asks the Court to require Plaintiffs to make a more

19   definite statement and assert the grounds for which they seek claims against him as a individual.

20   Plaintiffs argue in response that they have, in fact, brought claims against Pantel in his individual

21   capacity.

22         The Court agrees with Plaintiffs: the Complaint sufficiently alleges claims against

23   Pantel.  Although Plaintiffs use the term "PANTEL" throughout their Complaint without

24   expressly distinguishing between the two Defendants, Plaintiffs state at the beginning of the

25   Complaint that "PANTEL" applies to "JOE PANTEL, an individual and d/b/a SURFSIDE

26   CONCEPTS."  (Dkt #5, Am. Compl.)  Thus, Plaintiffs' claims are brought against both Pantel and

1   Surfside Concepts.  The Court finds that the Complaint is sufficient on its face to withstand

2   Pantel's Motion to Dismiss.  It also determines that a more definite statement is not needed.

3   Pantel is on notice as to the claims against him.  The scope and merit of each claim will be

4   determined through discovery and the litigation process.

5                                      **CONCLUSION**

6               Accordingly, and for good cause appearing,

7               IT IS HEREBY ORDERED that Defendant Joe Pantel's Motion to Dismiss (#12)

8   is DENIED in its entirety.

9               Dated: March 23, 2009.

10

11   _____

12   **ROGER L. HUNT**
     **Chief United States District Judge**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)